Scott M. Grace S.B.N. 236621
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@gracelawapc.com
Phone: (619) 346-4611
Fax:  (619) 501-8106

Attorneys for Plaintiff Martha Niedbal

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Frausto,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Velocity Investments, LLC and FarMar Law Group, P.C.<br><br>                    Defendants. | Case No. 2:20-cv-906<br><br>Complaint for Violations of the Fair Debt Buying Practices Act, the Rosenthal Act and the Fair Debt Buying Practices Act |

Complaint                                                                                          Case # 2:20-cv-906

-1-

## I.   Introduction

1. Plaintiff James Frausto, ("Frausto" or "Plaintiff"), through his counsel, brings this action to challenge the acts of Defendants Velocity Investments, LLC ("Velocity") and FarMar Law Group, P.C. ("FarMar")(collectively, "Defendants") regarding violations of the Fair Debt Collection Practices Act , 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. ("RFDCPA" or "Rosenthal Act"), and the acts of Defendant Velocity Investments, LLC ("Velocity") regarding violations of the California Fair Debt Buying Practices Act ("FDBPA"), all of which prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II.   Jurisdiction

5. This action arises out of violations by FarMar Law Group, P.C. of the FDCPA, found at 15 U.S.C. § 1692 *et seq*., by both Defendants of the Rosenthal Act found at Cal. Civ. Code §1788, *et seq,* and violations by Velocity Investments, LLC. of the FDBPA, found at Cal. Civ. Code §1788.58, *et se.*

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692(k), and 28 U.S.C. §1367 for supplemental state claims.

7. As Defendants engage in business in the state of California, and committed the acts that form the basis for this suit in the state of California, the

Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper pursuant to 28 U.S.C. §1391 as one or more Defendants are located in the Central District and do business in the Central District, and some or all of the acts at issue herein occurred in the Central District.

### III. Parties

*Plaintiff*

9. Plaintiff is a natural person residing in California, and is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing, he is a "debtor" as that term is defined by California Civil Code §1788.2(h).

10. Defendants claim or claimed that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

*Velocity*

11. Plaintiff is informed and believes that Defendant Velocity is and was at all relevant times a New Jersey limited liability company, or "LLC" engaged in the business of purchasing and collecting charged-off consumer debts with its principal place of business located at 1800 Route 34 North, Building 3, Suite 303 in Wall, New Jersey, and is a "debt buyer" as that term is defined by California Civil Code §1788.50(a)(1).

12. Velocity's principal purpose is to collect money on the debts it purchases, and as such Velocity is a "debt collector" under 15 U.S.C. §1692a.

13. Defendant Velocity, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

*FarMar*

14. Plaintiff is informed and believes and thereon alleges that Defendant FarMar is a California corporation, doing business in the state of California with a business address of 15250 Ventura Boulevard, Suite 1000, Sherman Oaks, CA 91403.

15. FarMar is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16. FarMar, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

**IV. Facts Common to all Claims for Relief**

*Filing of False Claims in the State Court Complaint*

17. On January 31, 2019, Velocity filed a complaint ("State Court Complaint"), in the Superior Court of California for the County of Los Angeles against Plaintiff, in the matter of *Velocity Investments, LLC v. James Frausto*, *et al*, case number 19NWLC04339 ("State Court Action").

18. Plaintiff was not served with a copy of the State Court Complaint.

*Failure to Identify the Real Original Creditor*

19. In the State Court Complaint, Defendants alleged that "LENDINGCLUB CORPORATION issued and/or serviced a loan of money to" Mr. Frausto, and that ""LENDINGCLUB CORPORATION and Defendant established an Open Book Account for account number XXXX4127 arising from a written agreement."

20. By alleging a written agreement, a written account, and a loan of money, Defendants represented, or at the very least strongly implied, that "LendingClub Corporation" was a party to a written contract with Mr. Frausto for a loan of money, that LendingClub Corporation issued a loan of money to Mr. Frausto, and that LendingClub Corporation was a party to an Open Book Account with Mr. Frausto in which LendingClub Corporation issued credit or a loan of money to Mr. Frausto.

21. In reality, LendingClub Corporation never loaned any money to Mr. Frausto, never issued a loan or credit to Mr. Frausto pursuant to any written agreement, and never entered a written agreement with Mr. Frausto to loan him money in any amount.

22. In the State Court Complaint, Defendants also alleged that Mr. Frausto "received funds from Plaintiff's assignor, but did not repay as promised."

23. The only "assignor" mentioned in the State Court Complaint is LendingClub Corporation.

24. Mr. Frausto never received funds from LendingClub Corporation, and never promised to repay any such funds to LendingClub Corporation.

25. LendingClub was never an "original creditor" to Mr. Frausto, or a party who issued a loan of money, to Mr. Frausto.

26. Defendants repeatedly made false, deceptive or misleading representations to the effect that LendingClub was the "original creditor" for the loan alleged in the State Court Complaint, and these representations would mislead, or at least confuse, the Least Sophisticated Debtor, an objective fictional standard.

*No Valid Binding Contract with WebBank*

27. Defendants attached a document to the State Court Complaint as Exhibit A, entitled "Truth in Lending Disclosure."

28. This document, under the heading "Lender," lists a third party, WebBank.

Complaint                                                                                       Case # 2:20-cv-906

29. This document is not a written contract, and Mr. Frausto never entered any binding written agreement with WebBank for a loan of money.

30. Nor did Mr. Frausto issue a valid "power-of attorney" or any similar authorization allowing LendingClub Corporation, or any other party, to enter into any written loan agreement on his behalf with WebBank.

*Inflated Claims of a Debt*

31. In the State Court Complaint, Defendants alleged that Mr. Frausto incurred a debt to LendingClub Corporation in the amount of $3,189.04, and claimed a right to money damages of $3,189.04 on that basis.

32. Mr. Frausto never received $3,189.04 in unpaid consideration from LendingClub or from WebBank.

33. Mr. Frausto never entered any binding written agreement with LendingClub Corporation, or WebBank, for a loan of money.

34. Mr. Frausto never entered any verbal agreement with LendingClub Corporation, or WebBank, for a loan of money.

35. Mr. Frausto did receive money from WebBank, but after taking into account the payments he made, any outstanding amount owed would be far less than $3,189.04.

36. While Defendants never clarified the basis for their claim of a debt far in excess of any unpaid consideration received by 3,189.04 from WebBank, any claim for compound interest, simple interest in excess of California's legal rate, or fees would require a binding written agreement.

37. As alleged above, Mr. Frausto never entered into any binding written agreement with WebBank, or LendingClub Corporation, in which he agreed to pay any such interest or fees.

38. Velocity did not have the right to sue for the principal amount that they claimed.

39. Despite this fact, Defendants filed the State Court Action in an attempt to collect amounts which Mr. Frausto never agreed to pay and which are not due.

40. Defendants' acts caused Mr. Frausto to suffer stress and fear, and caused him to incur attorney time and attorney fees in his defense.

***Failure to identify the true "charge-off" creditor***

41. According to the documents that Defendants attached to their Collection Complaint, it also appears that "LendingClub Corporation" did not own the account at issue on the date of charge-off, assuming that they were ever assigned such rights.

42. In other words, LendingClub Corporation did not own the account at issue at the time of charge-off, and was not the "charge-off creditor."

43. Despite that fact, Defendants decided to allege at paragraph 4 of the Collection Complaint that "The charge-off creditor at the time of charge-off is LendingClub Corporation."

44. This failure to disclose the true charge-off creditor and their address violates California Fair Debt Buying Practices Act.

***False Claims Regarding the Chain of Title***

45. In the Collection Complaint, at paragraph 4, Defendants claimed that Defendant Velocity was the only entity that purchased this debt after charge off.

46. Plaintiff is informed and believes, and thereon alleges, that this representation is false.

47. Yet in the State Court Complaint, Defendants alleged that "LendingClub Corporation" was the "charge-off creditor" and that Velocity is the only entity that purchased the debt after charge-off.

48. Plaintiff is informed and believes, and thereon alleges that "LendingClub Corporation" was not the actual "charge-off creditor" and that the owner of the account immediately prior to Velocity was not LendingClub Corporation but some other party other than LendingClub Corporation.

Complaint                                                                                         Case # 2:20-cv-906

## V. Allegations Specific to Certain Claims for Relief

### FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA by Defendant FarMar)

49. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

50. Defendant FarMar violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c. 15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

    d. 15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

    e. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

51. Plaintiff is entitled to actual damages sustained as a result of Defendant FarMar's conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

### SECOND CLAIM FOR RELIEF

### (Violations of the Rosenthal Act)

52. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

53. Based on information and belief, Defendants' acts and omissions violated California Civil Code § 1788, *et seq*.

54. Defendants violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

    a.    15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b.    15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c.    15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

    d.    15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

    e.    15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

55. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

56. As a proximate result of the violations of the Rosenthal Act committed by Defendants, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## THIRD CLAIM FOR RELIEF

### (Violations of the FDBPA by Defendant Velocity)

57. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

58. Velocity's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code §1788.58(a). Velocity's violations of Cal. Civ. Code §1788.58(a) include, but are not limited to the following:

a. Failing to state the name and an address of the charge-off creditor at the time of charge off and the charge-off creditor's account number associated with the debt, pursuant to Cal. Civ. Code §1788.58(a)(6); and

b. Failing to state the names and addresses of all persons or entities that purchased the debt after charge-off, including the plaintiff debt buyer pursuant to Cal. Civ. Code §1788.58(a)(8).

59. As a proximate result of the violations of the California Fair Debt Buying Practices Act, Frausto is entitled to his actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

***FDCPA***

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against FarMar and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against FarMar and for the Plaintiff;

3. An award of costs of litigation and reasonable attorney's fees against FarMar and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

***Rosenthal Act***

4. An award of actual damages pursuant to California Civil Code § 1788.30(a) against all named Defendants and for Plaintiff;

5. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against all named Defendants and for Plaintiff;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against all named Defendants; and

7. Such other and further relief this court may deem just and proper.

Complaint                                                                 Case # 2:20-cv-906

*FDBPA*

7. An award of actual damages pursuant to California Civil Code § 1788.62(a)(6) and 1788.62(a)(8) against Velocity and for Plaintiff;

8. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.62(a)(1) against Velocity and for Plaintiff;

9. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.62(c)(1) against Velocity and for Plaintiff; and

10. Such other and further relief this court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Grace Law, APC

Dated: January 29, 2020

/s/ Scott M. Grace
Scott M. Grace
Attorney for Plaintiff